IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Michael J. Cline, #156213, )
a/k/a Michael James Cline, )
)
   Plaintiff, ) C.A. No. 4:18-530-HMH-JDA
)
  vs. ) **OPINION & ORDER**
)
Horry County Solicitor's Office, )
O'Neal Law Firm, )
)
   Defendants. )

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Michael J. Cline ("Cline"), proceeding pro se, alleges a violation of 42 U.S.C. § 1983. Cline files this action in forma pauperis under 28 U.S.C. § 1915. Cline alleges that he was improperly charged, convicted, and sentenced for first degree burglary based on a previously vacated conviction. (Compl. 6, ECF No. 1.) In her Report and Recommendation, Magistrate Judge Austin recommends dismissing this case without prejudice and without issuance of service of process because Cline's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). (R&R 4-6, ECF No. 13.) Further, even if Heck did not bar Cline's claims, the magistrate judge finds that Cline has failed to name a party that is amendable to suit under 42 U.S.C. 1983. (Id. at 6-9, ECF No. 13.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Cline filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Cline's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Cline objects that the magistrate judge erred in finding that absolute immunity applied to a solicitor in the Horry County Solicitor's Office. (Obj. 1-3, ECF No. 15.) The court concludes that this objection is meritless.

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." Filarsky v. Delia, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." Id. Cline alleges that a solicitor from the Horry County Solicitor's Office is guilty of prosecutorial misconduct.[2] (Compl. 6, ECF No. 1.) However, any actions taken by the solicitor in preparing a criminal charge and prosecuting the case against Cline were part of the judicial process. Prosecutors have absolute immunity for

---

[2] In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. See S.C. Const. Art. V, § 24; S.C. Code Ann. § 1-7-310.

actions performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. Van de Kamp v. Goldstein, 555 U.S. 335, 340-43 (2009); see also Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity is "*immunity from suit* rather than a mere defense to liability"); Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (prosecutors have immunity in performing functions "intimately associated with the judicial phase of the criminal process"); Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000).

Based on the foregoing, any solicitor or assistant solicitor within the Horry County Solicitor's Office has absolute immunity under § 1983. Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that Cline's complaint, docket number 1, is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                               s/Henry M. Herlong, Jr.
                                               Senior United States District Judge

Greenville, South Carolina
April 9, 2018

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.